FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ DEC 2 1 2012 ★

------------------------------------------------------------------X

LONG ISLAND OFFICE

DONNA MARIE JACKSON,

Plaintiff,

-against-

**ORDER**
11-CV-1898 (SJF)(GRB)

HOME DEPOT U.S.A., INC.,

Defendant.

------------------------------------------------------------------X

FEUERSTEIN, J.

On April 18, 2011, Donna Marie Jackson ("plaintiff") commenced this action against

defendant Home Depot U.S.A., Inc. ("defendant") in the Supreme Court of the State of New

York, County of Queens, to recover damages for personal injuries allegedly incurred due to

defendant's negligence. On April 18, 2011, defendant removed the action to this Court upon the

basis of this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). [Docket Entry No. 1].

Defendant now moves for summary judgment dismissing plaintiff's complaint in its entirety

pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Docket Entry No. 24]. For the

reasons that follow, the motion is granted.

I.     Background

On May 21, 2010, plaintiff was standing in a checkout line behind another customer (the

"customer") at one of defendant's stores. Affirmation in Support of Summary Judgment of

Megan Le [Docket Entry No. 24] ("Def. Aff.") Ex. I (Video), Defendant's Statement of Material

Facts ("Def. 56.1 St.") at ¶ 1. At 10:04 p.m. the customer purchased four (4) pieces of wood,

Def. 56.1 St. at ¶ 1, and leaned the pieces of wood against the wall behind him while he

completed his transaction, Def. Aff. Ex. F ("Grant Dep.") at 29:04-29:23; Def. Aff. Ex. I.

1

Between 10:07 p.m. and 10:08 p.m., children accompanying the customer touched and moved the pieces of wood, leaving some pieces leaning against the wall, but in a slightly different position. Def. Aff. Ex. I; Def. 56.1 St. at ¶ 6. At approximately 10:08:38 p.m., the customer moved his shopping cart and made contact with the pieces of wood leaning against the wall, causing them to fall and strike plaintiff on the head. Def. Aff. Ex. I; Def. 56.1 St. at ¶¶ 3-4.

Plaintiff fails in her attempts to dispute the foregoing facts. Plaintiff first argues that "it is unclear in the video if the [wood pieces] that [the customer] purchased were the [wood pieces] that made contact with [p]laintiff" because: (1) "[t]he video begins with the pieces of wood already leaning against the rack and there is no indication in the video that the [customer] purchased those specific pieces of wood"; and (2) plaintiff testified that the customer "did not leave the vicinity of the cash register with the wood," but rather "fixed them back up against the wall following the incident." Plaintiff's Statement of Material Facts [Docket Entry No. 24-4] ("Pl. 56.1 St.") at ¶¶ 3, 5. It is obvious from the video that the pieces of wood leaning against the wall are those belonging to the customer, as the customer and the children accompanying him did in fact take the pieces of wood with them after the incident. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the [video] record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Moreover, plaintiff's assertion is directly contradicted by the testimony of Gloria Grant, a cashier working nearby at the time of the incident. Ms. Grant testified as follows:

> Q: How long before the incident did you first observe the four pieces of wood?
> * * *
> A: Just a few minutes, a few seconds because he was checking out.
> * * *
> A: The customer with the lumber was checking out.
> * * *

2

> A: He had four pieces [of lumber] and he leaned them against the candy rack.
> Q: Did you observe him lean them against the candy rack?
> A: Yes.

Grant Dep. at 29:04-29:23.

Plaintiff also argues that although "[t]he video shows a child moving and subsequently holding one piece of wood, [it] also shows at least one piece of wood still leaning against the rack shortly before the incident." Pl. 56.1 St. at ¶ 6. This assertion appears to be an attempt by plaintiff to minimize the role that the children played in the incident. However, it is clear from the video that the pieces of wood that remained leaning against the wall changed position after being touched by the children approximately forty (40) seconds before they fell. Aside from the foregoing arguments, the material facts here are not disputed.

II.     Summary Judgment Standard

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).

"A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted). "There is no genuine issue of material fact where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party."
Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012) (internal quotation marks omitted); see
also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a
scintilla of evidence in support of the plaintiff's position will be insufficient; there must be
evidence on which the jury could reasonably find for the plaintiff.").

The Court may consider the video recording submitted by defendant in deciding the
motion for summary judgment, as "[t]here are no allegations or indications that this video[] was
doctored or altered in any way, nor any contention that what it depicts differs from what actually
happened." Scott, 550 U.S. at 378.

III.    Analysis

New York law applies to this diversity action.  See, e.g., Janetos v. Home Depot U.S.A.,
Inc., No. 09-CV-1025, 2012 WL 4049839, at *8 (E.D.N.Y. Sept. 13, 2012).  "In order to
establish negligence under New York law, a plaintiff must prove: (1) the existence of a duty
owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) the breach was a
proximate cause of the injury to the plaintiff."  Id.  Defendant owed plaintiff a duty to maintain
its store in a reasonably safe condition.  Id. ("Home Depot owed Plaintiff a duty to maintain its
store in a reasonably safe condition."); see also Repecki v. Home Depot USA, 942 F. Supp. 126,
129 (E.D.N.Y. 1996) ("A storekeeper operating a retail store may be liable where a person
sustains an injury as a result of the dangerous condition of an area in the store.").  To establish
that defendant breached this duty, "there must be evidence tending to show the existence of a
dangerous or defective condition and that [] defendant[] either created the condition or had actual
or constructive notice of it and failed to remedy it within a reasonable time."  Bonilla v. Starrett
City at Spring Cr., 704 N.Y.S.2d 619, 620 (App. Div. 2000).  "[N]otice alone is not enough; []

4

plaintiff must also show that defendant had a sufficient opportunity, within the exercise of reasonable care, to remedy the situation after receiving such notice." Aquino v. Kuczinski, Vila & Assocs., P.C., 835 N.Y.S.2d 16, 19 (App. Div. 2007)) (internal quotation marks omitted).

Defendant did not create the dangerous condition that caused the injury:  The pieces of wood were stacked against the wall by the customer, touched and moved by the children accompanying the customer, and bumped by the customer while moving his shopping cart. Since defendant's employees had no involvement in the creation of the dangerous condition, defendant must have had actual or constructive notice of the condition and have failed to remedy it within a reasonable amount of time for liability to attach.

Ms. Grant testified that the pieces of wood were resting against the wall before they fell and struck plaintiff for (1) "a few minutes, a few seconds," (2) "approximately a minute or two," and (3) "[s]econds," Grant Dep. at 29:04-29:09; 29:24-30:04; 41:21-42:10, and that she did not have enough time to move the pieces of wood, id. at 40:02-40:14 ("Q:  When you first observed the pieces of wood leaning against the candy rack, did you ask anybody to move them?  A: Before I could get to that, he was checking out so he had the wood.  Q:  Did he have all four pieces of wood or did he have less than four pieces of wood?  A:  There was someone with him and I think they had the wood.  I don't remember exactly how it went but he was checking out so there was no time for me to move the wood because it's his wood.  He is paying for it.").  The video corroborates Ms. Grant's testimony that the pieces of wood were leaning against the wall for a brief period of time.

Furthermore, the video shows that during this brief period the children accompanying the customer were at times holding or touching the the pieces of wood, and were doing so until approximately forty (40) seconds before they fell.  Def. Aff. Ex. I.  Even if Ms. Grant or the

cashier attending to the customer had actual notice that the pieces of wood were leaning against the wall, the condition continued to change as the children touched and moved the pieces of wood until only seconds before the incident. See Grant Dep. at 40:02-40:14.

The Court holds that defendant's failure to remedy the condition in the brief period of time that elapsed, while third parties were touching and moving the pieces of wood, was not a breach of defendant's duty to maintain the premises in a reasonably safe condition, as a matter of law. See, e.g., Patafio v. Porta-Clean of Am., Ltd., 385 N.Y.S.2d 764, 815 (1976) (holding that negligence action could be maintained where "defendants had had actual notice and a reasonable opportunity to remedy" the dangerous condition) (emphasis added); Wesolek v. Tops Mkts., Inc., 680 N.Y.S.2d 344 (App. Div. 1998) (affirming jury verdict for the defendant because even if the "defendant may have had actual notice of a puddle of liquid created by a broken bottle in defendant's store, there was credible evidence that the puddle existed for no longer than 5 to 10 minutes before [the] defendant's employee began mopping it up"); Melton v. Sears, Roebuck and Co., 550 N.Y.S.2d 222, 222-23 (App. Div. 1990) (holding that summary judgment should be awarded to the defendant where the defendant's employee saw a spill on the floor and the plaintiff fell seconds later, stating that "[t]o conclude from the evidence that the wet condition of the floor was allowed to exist for any appreciable time is mere speculation[, and a]bsent such a showing, defendant cannot be held responsible for the event precipitating plaintiff's fall"). Absent a breach of a duty by defendant, plaintiff cannot prevail on her negligence claim. Accordingly, defendant's motion for summary judgment is granted, and plaintiff's complaint is dismissed.[1]

III.    Conclusion

---

[1] Defendant also moves for summary judgment dismissing plaintiff's nuisance claim. To the extent plaintiff has asserted a separate nuisance cause of action, she has not opposed defendant's motion to dismiss it. Accordingly, any nuisance claim is also dismissed.

For the foregoing reasons, defendant's motion for summary judgment [Docket Entry No. 24] is granted, and plaintiff's complaint is dismissed in its entirety.  The Clerk of Court is respectfully directed to close this case.


SO ORDERED.


s/ Sandra J. Feuerstein
_____   _____

Sandra J. Feuerstein
United States District Judge


Dated: December 21, 2012
       Central Islip, New York